UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETE MIRELES,

    Plaintiff,

v

SPEEDWAY SUPERAMERICA, LLC,

    Defendant.
_____/

Case No. 1:09-cv-584

HON. JANET T. NEFF

## **OPINION**

Plaintiff filed this action against Defendant alleging premises liability under Michigan law. Pending before the Court is Defendant's Motion for Summary Judgment (Dkt 46) and Plaintiff's Motion for Partial Summary Judgment (Dkt 48). Having reviewed the motion briefs and the record, the Court concludes that both motions are properly DENIED.

### I. Legal Standard

A motion for summary judgment is properly granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). When deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the nonmoving party and must draw all reasonable inferences in favor of that party. *Slusher v. Carson,* 540 F.3d 449, 453 (6th Cir. 2008)*; Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). After reviewing the whole record, the Court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that

one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

## II. Defendant's Motion for Summary Judgment

The Court first considers Defendant's Motion for Summary Judgment. For the purposes of this motion, the Court must draw all reasonable inferences in favor of Plaintiff as the non-moving party.

### A. *Facts as Viewed in a Light Most Favorable to Plaintiff*

Plaintiff initiated this suit after his left knee was allegedly injured from a slip in the restroom of Defendant's convenience store on February 7, 2008 (Pl's. Resp. Br. 1-2).[1] When Plaintiff entered the store that day, one of Defendant's employees had just finished mopping the floors (*id*. at 1; Pl's. Statement of Material Facts (SMF) – Material Facts Not in Dispute ¶ 3). While Plaintiff admits that there were at least five "Caution-Wet Floor" signs throughout the store, none of the signs was placed directly in front of the restroom, inside it, or on the restroom door (Pl's. Surreply Br., Counter-statement of Material Facts (CMF) – Disputed Facts Asserted by Def. ¶ 2). When Plaintiff entered the restroom, the light inside was turned off, and the room was dark (Pl's. Resp. Br. 1). While he was feeling his way along the wall for the light switch, he slipped, and his left knee popped (*id*., Ex. A., Pl's. Dep. 56-61). After the slip, Plaintiff left the restroom to speak with one of Defendant's

---

[1] The parties have each provided Statements of Material Facts (SMF) in response to the Court's Guidelines; however, the cross-motions, the numerous briefs, and the failure to respond to the corresponding numbered paragraphs of the moving party's SMF has made the Court's reliance on the statements difficult. For purposes of considering the motions, the Court has therefore cited to the parties' statements or briefs as appropriate. Any variation in the characterization of the facts from one source to another merely underscores the many issues of disputed material facts in this case, which make summary judgment improper.

employees (*id.*, Pl's. Dep. 62-64). When the two of them returned to the restroom, the employee turned on the light, and Plaintiff was able to see that the floor looked wet and shiny (*id.*, Pl's. Dep. 64-65). As a result of his injuries, Plaintiff has undergone two surgeries to his knee, and alleges that he has not made a complete recovery to the point of his pre-slip condition (*id.* at 2).

B. *Analysis of Defendant's Arguments in Favor of Summary Judgment*

Defendant argues that Plaintiff has not established a genuine issue of material fact that would require a trial in this case. In general, to establish a premises liability claim, the plaintiff must show that the defendant owed a duty to the plaintiff, that the defendant breached that duty, that the breach caused the plaintiff's injuries, and that the plaintiff suffered damages. *Kennedy v. Great Atlantic & Pacific Tea Co.*, 737 N.W.2d 179, 181 (Mich. Ct. App. 2007).

Defendant first argues that Plaintiff cannot establish that Defendant breached a duty because there is no evidence of any hazardous condition in the restroom from which Defendant had a duty to protect Plaintiff (Def's. Mot. Br. 7-8). Simply stated, Defendant contends that there is no evidence that the restroom floor was wet or otherwise hazardous, and that Plaintiff just slipped on entering the bathroom. The Court disagrees with this analysis. Plaintiff's contention that the floor looked wet and shiny, in the context of other circumstances, such as that Defendant's employee had just mopped the floor, is sufficient evidence from which a jury could reasonably conclude that the floor was in fact wet and a hazardous condition (*see* Pl's. Resp. Br. 1, Pl's. Dep. 65). To hold otherwise would require the Court to conclude that Plaintiff's testimony regarding what he saw on the floor was not credible. Conclusions as to the credibility of witnesses, however, are left to the determination of the jury and are not decided by the Court at the summary judgment stage. *Anderson*, 477 U.S. at 255; *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994).

3

In a related argument regarding causation, Defendant contends that even if there was water on the restroom floor, it is equally likely that Plaintiff's slip was caused by wetness on the sole of his shoe, or, in the alternative, that Plaintiff's previous left leg problems and his weight were the actual cause of his fall and injury (Def's. Mot. Br. 8). Defendant argues that these other possible causes are at least equally plausible reasons for Plaintiff's slip as any water that may have been on the floor (*id.*). Therefore, Defendant argues, Plaintiff cannot show that a wet floor was more likely than not the cause in fact of his injuries (*id.*). This argument, too, is unavailing. While a jury cannot speculate as to the possible cause of an accident, jurors may use their common sense to reasonably infer that one of several possible causes is more likely than the others. *Skinner v. Square D Co.*, 516 N.W.2d 475, 480 (Mich. 1994). Here, a jury could reasonably infer from Plaintiff's testimony and the circumstantial evidence that his slip was most likely caused by the hazardous condition of a wet floor.

Defendant next argues that Plaintiff cannot establish the element of duty. Under Michigan law, a defendant does not have a duty to protect a plaintiff from open and obvious conditions absent special aspects that make the condition unreasonably dangerous. *Lugo v. Ameritech Corp., Inc.*, 629 N.W.2d 384, 386 (Mich. 2001). "The test for an open and obvious danger is whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection.'" *Abke v. Vandenberg,* 608 N.W.2d 73, 75 (Mich. Ct. App. 2000) (citation omitted). Here, Defendant alleges that given the several wet-floor signs throughout the store, and the fact that it was a snowy day, it should have been obvious to Plaintiff that the restroom floor could be wet, and upon a casual inspection Plaintiff should have discovered this fact (Def's. Mot. Br. 12-13).

4

Defendant's contentions, however, fail to take into account two of Plaintiff's assertions, namely: one, that there were no wet floor signs directly in front of the restroom and, two, that Plaintiff was unable to see the floor in the restroom because the light was turned off when he entered (Pl's. Resp. Br. 1, Pl's. Dep. 56-57, 62). Based on these assertions, a jury could reasonably determine that the wet restroom floor would not have been open and obvious. In other words, they could conclude that it would not be reasonable to expect an average person of ordinary intelligence to discover that the restroom floor was wet. *See Abke,* 608 N.W.2d at 75*; see also Hughes v. PMG Bldg., Inc.,* 574 N.W.2d 691, 695 (Mich. Ct. App. 1997).

Defendant also argues that Plaintiff's claim fails because he cannot show that Defendant caused the condition or had notice of it, i.e., actual or constructive knowledge of any wetness on the restroom floor. A defendant storekeeper is liable for an injury resulting from a hazardous condition if the condition is caused by the active negligence of the defendant or its employees or the condition is known or has existed long enough that it should have been known to the defendant. *Serinto v. Borman Food Stores*, 158 N.W.2d 485, 486 (Mich. 1968). Here, Defendant argues that there is no evidence showing that the wet floor was caused any act or omission of its employees or that they had reason to know that the restroom floor was wet (Def's. Mot. Br. 14-15). Defendant contends, "any wetness on the restroom floor must have been created after the dry-mopping, but prior to Plaintiff's incident" (*id*. at 15). And, "[g]iven the extremely truncated timing, there is no evidence that the condition existed for a sufficient duration that [Defendant] should have had notice of it" (*id*.). This argument, however, assumes too much. A jury need not necessarily infer that the wetness was created after the mopping. It could just as easily determine, as Plaintiff argues, that the mopping did not completely clear up the wet spots, or that the mopping actually made the wetness worse by spreading it around (*see* Pl's. Resp. Br. 6-7), particularly given the "Caution-Wet Floor"

5

signs placed throughout the store by the employee. Thus, a jury may conclude that Defendant had notice of the hazardous condition.

Defendant's final contention is that even if Plaintiff can show a duty, he cannot show a breach of that duty because Defendant exercised reasonable care in maintaining its premises. Defendant contends that it did everything legally necessary to protect Plaintiff from harm (Def's. Mot. Br. 17-18). According to Defendant, the fact that Defendant's employee had dry-mopped the floor to clear up the snow/water tracked in by customers, and had placed several wet-floor signs throughout the store to warn customers of the potential danger, establishes that it fulfilled its duty of reasonable care (*id*.). The Court, however, does not find the evidence conclusive in this regard. While there is certainly evidence that Defendant took precautions to prevent customers from being injured, the evidence is not so one-sided as to entitle Defendant to judgment as a matter of law. A jury could conclude that Defendant failed to use reasonable care by allowing the restroom light to be turned off when it was clear that customers had been tracking water into the store that evening or could conclude that Defendant should have had a wet-floor sign either in, or closer to, the restroom to warn Plaintiff of the potential danger.

Therefore, because genuine issues of material fact exist for trial, Defendant's motion for summary judgment must be denied.

### III. Plaintiff's Motion for Partial Summary Judgment

In his response to Defendant's motion, Plaintiff has filed a motion for partial summary judgment as to all issues except damages.

#### A. *Facts as Viewed in a Light Most Favorable to Defendant*

For the purposes of Plaintiff's motion, the Court must view the evidence in a light most favorable to Defendant as the non-moving party. *See Slusher,* 540 F.3d at 453; *Harbin-Bey*, 420

F.3d at 575. While many facts alleged by Plaintiff are not disputed by Defendant, certain key facts must be viewed differently than when considered in the context of Defendant's motion. First, Defendant alleges that Plaintiff passed directly by several "Caution-Wet Floor" signs as he moved about the store before entering the restroom (Def's. Mot. Br. 1-2). Also, according to Defendant, one of the employees had been dry-mopping the entire store, to clean up the wet floor from snow tracked in by customers, only a short time before Plaintiff entered the store (*id*. at 3). As part of her mopping, Defendant's employee had allegedly dried the floor inside the restroom where Plaintiff later slipped (*id*.). After the slip, Defendant's employee returned to the restroom to take pictures of the bathroom floor, which did not depict any wetness or puddle (*id*. at 4, Ex. C, Shepard-Lessard Dep. 30 and Ex. D).

B. *Analysis of Plaintiff's Arguments in Favor of Partial Summary Judgment*

In support of his motion for partial summary judgment, Plaintiff argues that the open and obvious doctrine does not bar his claim because the danger of the wet floor was "neither open nor obvious" and "special aspects" made it unreasonably dangerous (Pl's. Resp. Br. 8-10). He also argues that his case sounds not only in premises liability, but also in ordinary negligence, to which the open and obvious doctrine is inapplicable (*id.* at 13-14). *See Laier v. Kitchen*, 702 N.W.2d 199, 209 (Mich. Ct. App. 2005). In support of his argument that ordinary negligence applies, Plaintiff focuses on the actions of Defendant's employee, arguing that she was negligent in failing to place a wet-floor sign near the restroom door and in leaving the wet, slippery restroom floor unlit after she mopped (Pl's. Resp. Br. 14). Plaintiff contends that such actions sound in ordinary negligence because it was a lack of due care by her that caused Plaintiff to slip (*id*.).

The Court disagrees with Plaintiff's characterization of his claim. Plaintiff alleges that his injury was the result of a slip in an improperly marked and darkened restroom with a wet floor (*id*.

7

at 1). Whether this hazard was created by the employee's negligent mopping is not determinative; Defendant's liability, if any, arises from an alleged hazardous condition of the premises. Under Michigan law, where a defendant's duty to the plaintiff arises solely from the plaintiff's status as an invitee on the defendant's premises, as is the case here, the claim cannot sound in ordinary negligence. *See Kachudas* v. *Invaders Self Auto Wash, Inc.*, 781 N.W.2d 806 (Mich. 2010); *see also Laier*, 702 N.W.2d at 208. Therefore, this case is properly characterized as a premises liability action, and the open and obvious doctrine is applicable.

Plaintiff's motion for partial summary judgment is based on his broad allegations that Defendant has presented no evidence to create a genuine issue of material fact as to the issues of duty, breach of duty or causation, and that the open and obvious doctrine does not bar Plaintiff's claim. Plaintiff argues that his status as a customer of the business made him an business invitee, under Michigan law, to whom Defendant owed a duty of reasonable care (Pl's. Resp. Br. 4, 5). Plaintiff contends that Defendant clearly breached its duty of care when Defendant's employee allegedly created a hazard by mopping the restroom floor; she knew that a dangerous condition may have existed but left the wet restroom floor unlit and failed to place signs warning of the condition. Plaintiff variously argues that the open and obvious doctrine does not bar his claim because the lack of lighting in the restroom and the lack of warning signs near the restroom, were "special aspects" that "rendered the dangerous wet floor condition non-open and obvious" (*id*. at 9). Plaintiff asserts that Defendant is therefore liable as a matter of law for the injuries he sustained when he slipped on the wet restroom floor.

The Court is unpersuaded by Plaintiff's arguments. As with Defendant's motion, the evidence cited creates a genuine issues of material fact with respect to liability; it does not place Defendant's liability beyond dispute. Plaintiff's conclusions overstate the force of his evidence.

The facts concerning the condition of the floor, whether and/or why it was wet, and the adequacy of the wet floor signs are all material to the question of liability and in dispute. Because there are genuine issues of material fact, Plaintiff's motion for partial summary judgment on the issue of liability must be denied.

V. Conclusion

The standard for summary judgment requires that the Court view the evidence in the light most favorable to the non-moving party to determine whether there are genuine issues of material fact precluding summary judgment. The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact, which may be met by pointing the court to the absence of evidence in support of some essential element of the opponent's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Once the moving party has made such a showing, the burden is on the nonmoving party to demonstrate, by affirmative evidence, the existence of a genuine issue for trial. *Id.* Here, both parties have met this burden as against the other party's motion. In this case, the parties directly contest the material facts and their bearing on Plaintiff's claims. Accordingly, neither party is entitled to summary judgment.

For the foregoing reasons, this Court DENIES Defendant's Motion for Summary Judgment and DENIES Plaintiff's Motion for Partial Summary Judgment.

An Order will be entered consistent with this Opinion.


Date: August 11, 2010 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge